## CLAY v PETERSON

Ohio Appeals, 2nd Dist, Greene Co

Nos 422 & 425. Decided April 23, 1936

C. W. Whitmer, Xenia, for appellant.
Miller & Finney, Xenia, for appellee.

## OPINION

By HORNBECK, J.

The appellant, as plaintiff in the court of John T. Hornaday, Justice of the Peace in and for the Township of Miami, County of Greene, State of Ohio, on the 20th of September, 1935 filed his action against the defendant, the appellee, praying a money judgment in the sum of $175.00.

After summons was duly issued and serv-ed on the defendant and return made thereon, the cause came on for trial on September 27, 1935, the plaintiff appearing and offering testimony, the defendant not appearing. Whereupon the Justice of the Peace "pronounced judgment in favor of the plaintiff for the full amount of his claim with costs, etc."

It further appears from the transcript of the docket of the Justice of the Peace that on "September 30, 1935 the defendant personally appeared and made affidavit that the reason he was not present at the trial was that he was on his way to the trial from Dayton, Ohio when he was run into by another driver of an automobile or a truck, causing an accident damaging his automobile, thus preventing him from getting to the trial and asked for a re-trial on ground stated, that it was impossible for him to get to the trial." Whereupon the Justice "granted his request and noti-fied plaintiff and his counsel. Motion was made by plaintiff's attorney to vacate and set aside the order for new trial, which motion was overruled October 9, 1935. On November 6, 1935 a new trial was granted. Plaintiff excepted to the action of the court. Bill of exceptions signed and filed."

We find no bill of exceptions and we have set forth substantially all that ap-pears in the transcript from the docket of the Justice of the Peace. From the ac-tion of the Justice of the Peace in granting the motion of the defendant for a new trial error was prosecuted to the Common Pleas Court. The defendant there moved to dismiss the petition in error, for the rea-son that no final order had been made by the Justice of the Peace, from which error could be prosecuted. Upon hearing, this motion was sustained and the error pro-ceeding dismissed. From this order of the Common Pleas Court these proceedings are prosecuted in this court.

The appellant here seeks a reversal of the order of the Common Pleas Court, dis-missing the proceedings in error upon mo-tion of the defendant.

The specifications of error set forth sev-eral grounds, namely:

"First. Said court erred in holding the paper filed for a n?.. trial, (a copy of which is hereto attached and made a part of this petition), to be a moton for a new trial and that the Justice of the Peace did not err in granting a new trial on this kind of a motion under §10352 GC.

"Second. The court below erred in hold-ing that the case (if the motion for a new trial was not good), that it came under

§10377 GC, and that said Justice of the Peace was within his jurisdiction in granting a new trial under this section of the General Code of Ohio.

'Third. In holding that the Justice of the Peace did not lose jurisdiction by delaying the hearing on the motion beyond the statutory time.

"Fourth. For other errors appearing on the record."

The appellee insists that the action of the Justice of the Peace in granting the motion for new trial was not a final order from which error can be prosecuted. If the affidavit, which the Justice treated as a motion for new trial, may be so considered, then, clearly, the sustaining of the motion is not a final order.

Sec 10352 GC provides:

"The justice before whom a cause has been tried, on motion, and being satisfied that the verdict was obtained by fraud, partiality or undue means, at any time within four days after the entering of judgment, may grant a new trial. He also shall set a time for the new trial, of which the opposite party shall have at least three days' notice."

The affidavit of the defendant was not a motion for new trial, set up no grounds under the statute for the granting of a new trial and could not properly have been so treated, considered and acted upon by the Justice of the Peace. If the affidavit set forth any of the grounds of the statute for a new trial, then, though it did not have the form of a motion, it might have been so considered by the Justice. Inasmuch as it had none of the grounds set forth in the statute, was not designated a motion for new trial and bears none of the indicia of such motion and the court made no finding of any cause supporting a motion for new trial, the court was without any authority to grant the motion.

"The civil jurisdiction of a justice of the peace is inferior and limited, and is conferred solely by statute. Generally any statute conferring jurisdiction upon such a tribunal is strictly construed. The authority conferred cannot be made to extend beyond the plain import of the statute, and should not be extended or expanded by inference." 24 O. Jur., §123.

In discussing the jurisdiction of a Justice to grant a new trial it is said in 24 O. Jur., §272, that the terms of the Code, §10352 GC, control the jurisdiction of the Justice, and that:

"Under this provision it was well settled that the authority of a justice of the peace to grant a new trial was limited by the terms of the statute conferring it." Citing **Derby v Heath, 59 Oh St 54**, and other cases.

The question, then, as to the effect of the failure of the Justice of the Peace to give notice to the plaintiff of the motion for new trial until after some action in Common Pleas Court, is of no consequence.

The affidavit which the Justice considered as a motion for new trial could very properly have been treated as an application or motion to set aside the judgment under §10377 GC and clearly comes within the first clause appearing in that section, namely:

"When judgment has been rendered against a defendant in his absence, it may be set aside by the justice upon the following conditions:

1. That within ten days after judgment was entered, his motion in writing, sworn to by the defendant, his agent, or attorney, be filed, setting forth a sufficient reason for the absence of the defendant;"

But the affidavit was not so considered, nor was the action taken by the Justice of any effect under §10377 GC, as no attempt was made to set aside the judgment.

Now, what is the status of the parties in the situation heretofore set forth? When the appellant prosecuted error from the action of the Justice of the Peace he invoked a procedural step which must be grounded upon a judgment or final order. Though the action of the Justice be unauthorized and without any semblance of authority or jurisdiction, it purports to be a determination on a motion for new trial and for the purposes of error proceedings must be so considered, and has been so treated by appellant. It does not take on the character of judgment or final order and cannot be reviewed on error. Therefore, the action of the Common Pleas Court in sustaining the motion to dismiss the proceedings in error was proper and must be affirmed.

BARNES, PJ, and BODEY, J, concur.